UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        vs.<br><br>APPROXIMATELY $107,539,422.29<br>IN FUNDS AND SECURITIES,<br><br>        Defendant. | Case No.: CV 18-3855-DMG (Ex)<br><br>ORDER (1) DISMISSING ALL CURRENT CLAIMANTS; (2) RELIEVING CERTAIN POTENTIAL CLAIMANTS FROM DEFAULT AND PERMITTING THE FILING OF LATE CLAIMS; (3) DISMISSING A PORTION OF THE DEFENDANT *RES*; AND (4) STAYING THIS ACTION [49] |

1

Plaintiff United States of America ("the government"), the Current Claimants[1], the Substitute Claimants[2], Julian Omidi[3] and their respective counsel (collectively, the "Parties") have made a stipulated request for an Order to carry into effect the agreement of the Parties that (1) the claims of the Current Claimants be withdrawn; (2) the sum of $10 million of the defendant funds be dismissed from the instant action, to be distributed as described below; (3) the Substitute Claimants, each of whom currently is either a named defaulted party in the September 27, 2019 Clerk's Entry of Default (Docket Number ("DN") 39, or was

---

[1]  The "Current Claimants," that is, the claimants who have filed verified claims that are withdrawn by this Order, are Valley Surgical Center, LLC; Golden State Practice Management, LLC; San Diego Ambulatory Surgery Center, LLC; Top Surgeons, LLC; New Life Surgery Center, LLC; Beverly Hills Surgery Center, LLC; Orange Grove Surgery Center, LLC; Valencia Ambulatory Surgery Center, LLC; East Bay Ambulatory Surgery Center, LLC; Skin Cancer and Reconstructive Surgery Center Specialists of Beverly Hills, Inc.; Ciro Surgery Center, LLC; Palmdale Ambulatory Surgery Center, LLC; and Independent Medical Services, Inc.

[2] The "Substitute Claimants," that is, the claimants who are relieved from default and granted leave to file late claims by this Order, are Property Care Insurance Company, Inc. ("PCI");  Bridgeford Trust Company, LLC, as Trustee of each of (a) the Asset Management Irrevocable Trust – MO u/a/d January 27, 2012 (the "MO Trust"), (b) the Asset Management Irrevocable Trust u/a/d January 27, 2012 (the "JO Trust"), and (c) the Asset Management Irrevocable Trust u/a/d January 27, 2012 (the "CO Trust") (collectively, the MO Trust, the JO Trust and the CO Trust are referred to herein as the "Trusts"); and Surgery Center Management, LLC ("SCM").

[3]  Julian Omidi, while not one of the Substitute Claimants, and his counsel, McGuireWoods, LLP ("MW"), who are not counsel of record in this action, have agreed to be bound by this Order, as it bears directly on the proceedings in the related criminal prosecution entitled *United States v. Julian Omidi, et al,*, CR 17-661(A) DMG, in which MW is among the counsel of record for Julian Omidi.

2

otherwise subject to that entry of default[4], be relieved from default and permitted to file late claims in the form attached to the Stipulation as exhibits 1 through 5 [Doc. # 49-1]; and (4) this action be stayed for all purposes until the District Court proceedings in CR 17-661(A) DMG are resolved by dismissal, plea, trial, or otherwise, or as otherwise provided in Section IV herein.

The duration of this Order will be from entry until the final conclusion of CR 17-661(A) DMG, including all appeals.

Based upon the representations of the Parties in the Stipulation filed with the Court, and good cause appearing therefor, **IT IS HEREBY ORDERED**:

## I.    Withdrawal of the Claims of the Actual Claimants

1.    The claims of the Current Claimants are hereby withdrawn in their entirety, and none of the Current Claimants shall be permitted hereafter to intervene in this action as a Claimant.

## II.    Dismissal and Use of A Portion of the Defendant Funds

2.    A total of ten million dollars ($10,000,000) (the "Released Funds") are hereby dismissed without prejudice from the instant action, which funds shall be drawn from the account identified in the Complaint (DN 1) in paragraph 5(f).  The account, held at Deutsche Bank Securities, Inc. ("DBS") at the time of the June 4, 2014 seizure by the government, was numbered 5XL-069120 ("DBS 9120"), and held in the name of the JO Trust.  Following the seizure, the account was re-designated by DBS as account number 5XL-001826.  In 2016, Raymond James Financial, Inc. acquired Deutsche Bank Wealth Management's U.S. Private Client Services Unit, which included the component of DBS

---

[4]  The potential claimants specifically named in the Clerk's Entry of Default were: Cindy Omidi; Michael Omidi; Julian Omidi; Edjlal Pezeshk (Deceased, through his estate, heirs, legatees, and beneficiaries); Shawn Pezeshk; Sharafatal Aghajani; PCI; and the Trusts.  However, the Entry of Default also applied to all other potential claimants, and remains in place as to all potential claimants other than the Substitute Claimants.

3

responsible for the seized accounts, and that component began operating as Alex. Brown.  At that time, the number of the account was changed to a number ending in H670, which remains the account number presently ("AB H670").  The contents of AB H670 remain in the custody and control of the United States Marshals Service and subject to the *in rem* jurisdiction of this Court.

3.     No later than five (5) court days after entry of this Order or MW's providing government counsel with the necessary trust account information, whichever is later, the government, joined by the Trustee of the Trusts, shall instruct Alex. Brown to pay the Released Funds out of AB H670 to a trust account of MW (the "MW trust account") on behalf of the Trusts.  Until released from the MW trust account for the Authorized Purposes or as described in paragraph 9, below, the Released Funds are property of the Trusts.  McGuireWoods does not have an attorney-client relationship with the Trusts, and is only a repository for the Released Funds.

4.     The Released Funds shall be used solely for the following Authorized Purposes:

a.     To reimburse CJA funds as necessary for Julian Omidi's representation in CR 17-661(A) DMG, through the date that CJA counsel completes their work on Omidi's behalf;

b.     For legal services rendered in CR 17-661(A) DMG, including appeals and the negotiation of the Stipulation requesting entry of this Order; and

c.     Necessary and reasonable costs and expenses incurred in the administration of the Trusts, including fees of the Trustee of the Trusts.

5.     The Parties have agreed, and the Court hereby finds, that for the purposes of the Stipulation and this Order only, the funds portion of the defendant funds and securities making up the defendant *res* in this action are fungible, and that the Released Funds shall be treated as being traceable to funds that were on

deposit in October 2008 in the Wells Fargo Bank account with the last four digits 7688, which account was held in the names of Julian Omidi and Michael Omidi, and POA Cindy Omidi ("WFB 7688"), even if the Released Funds are not in fact so traceable.  In future proceedings in the instant action, the Released Funds shall be treated as having been drawn from funds traceable to funds on deposit in WFB 7688 as of October 2008.

6.     The Released Funds shall not be drawn upon for any Authorized Purpose until allowable fees or costs are earned or incurred.  The entirety of the Released Funds not drawn upon for an Authorized Purpose during the duration of this Order shall be retained in the MW trust account into which it is transferred and considered the legal property of the Trusts as set forth in Paragraph 3, and shall remain subject to this Order, except as otherwise provided herein.

7.     Under no circumstances shall MW or the Trustee of the Trusts remit or distribute any portion of the Released Funds to Julian Omidi, any of the other beneficiaries of the Trusts, or any other person or entity not authorized to receive such funds pursuant to this Order or a further order of the Court.

8.     In the event that MW's representation of Julian Omidi in CR 17-661(A) DMG is terminated for any reason during the duration of this Order, the entirety of the remaining Released Funds shall be transferred to the trust account of Julian Omidi's substitute counsel in CR 17-661(A) DMG, which substitute counsel shall be subject to the same duties, obligations and limitations as MW, provided that Julian Omidi and his substitute counsel affirm in a stipulation filed with this Court that they agree to be bound by this Order, and that such stipulation is approved by the Court prior to the transfer of any portion of the Released Funds.

9.     Upon the final conclusion of CR 17-661(A) DMG, including all appeals, and after payment of all outstanding invoices of counsel for Julian Omidi in CR 17-661(A) DMG pursuant to this Order, and satisfaction of all expenses incurred in the administration of the Trusts as provided in this Order, the balance

of the Released Funds, if any, shall be transferred to the United States Marshals Service and re-incorporated into the defendant *res* in the instant action for adjudication.

10.     If the funds and securities remaining in AB H670 after the release of the Released Funds are forfeited or otherwise disposed of as part of the instant action prior to the final conclusion of CR 17-661(A) DMG, the disposal of the remainder of the Released Funds at the final conclusion of CR 17-661(A) DMG shall be determined by agreement of the Parties or by further order of this Court.

11.     The government shall not seek to recover, restrain or forfeit any portion of the Released Funds drawn from the MW (or an authorized successor's) trust account for any of the Authorized Purposes.  The government shall maintain its forfeiture claims against the Released Funds only with respect to that portion of the Released Funds not paid out for Authorized Purposes during the duration of this Order.

12.     Within five (5) days of any transfer of any portion of the Released Funds made pursuant to paragraph 8 or 9, above, the Party making the transfer shall provide to government counsel an accounting reflecting what amounts of the Released Funds have been drawn upon for each of the Authorized Purposes.  The accounting shall reflect only the total amount drawn from the Released Funds for each category of Authorized Purpose.  Counsel shall not be required to provide a regular accounting of the balance of the Released Funds during the duration of this Order.

13.     A further request for release of funds by Julian Omidi is not anticipated.  However, if MW or substitute counsel for Julian Omidi comes to believe that such a request will be necessary, the Parties shall meet and confer on whether there is good cause for the release of additional funds.  If the Parties cannot reach agreement, MW (or its successor) and Julian Omidi shall be allowed

6

to move for the release of additional funds in CR 17-661(A) DMG, so long as all of the Substitute Claimants waive their respective rights to object to the release of any requested additional portion of the defendant *res*.

14.     Understanding that (1) he has retained MW, a national law firm with substantial resources that will be resourced under this agreement with $10 million in Released Funds to cover the costs of that representation through the conclusion of CR 17-661(A) DMG; (2) upon the appearance of those counsel in CR 17-661(A) DMG, the Court indicated that those counsel "are forewarned that the substitution of new counsel now or in the future will not be a basis upon which the Court will consider a further continuance of the trial date;" (3) the substitution of counsel (whether MW or any subsequent counsel) will not serve as a basis to continue the May 4, 2021 trial date; and (4) the government states (a) the general volume and nature of the government's discovery has been documented in filings in the case, (b) the government has already met its discovery deadline and disclosed its expert witnesses in accordance with Court order, and (c) the government will provide its full efforts to ensure Julian Omidi's ability to prepare for trial is not impeded, Julian Omidi has agreed that it is his intent to proceed to trial on the current trial date of May 4, 2021.  Julian Omidi has further agreed that he will not request a continuance of the currently-scheduled trial date of May 4, 2021, except in extenuating circumstances that are not currently foreseeable, including a medical emergency involving Julian Omidi or his counsel.  Julian Omidi's acquiescence to any Court finding that a pandemic-related continuance is necessary will not constitute a breach of this provision.

### III.   Relief From Default and Filing of Late Claims By the Substitute Claimants

15.     The following Substitute Claimants are hereby relieved from default and, within 10 court days of the entry of this Order, shall file verified claims in the form attached to the Stipulation as exhibits 1-5: PCI; the Trusts; and

SCM.  The September 27, 2019 Clerk's Entry of Default shall remain in effect as to all other potential claimants.

### IV.   Stay of Action

16.     The instant action is hereby ordered stayed and administratively closed pursuant to 18 U.S.C. § 981(g)(2) for all purposes until (1) the District Court proceedings in CR 17-661(A) DMG are resolved by dismissal, plea, trial, or otherwise; (b) entry of a Court-approved agreement among all Parties hereto to lift the stay and reopen the action, including for a limited purpose; (c) the Court's granting of a noticed motion for relief from the stay by the government or one or more of the Substitute Claimants; or (d) further order of the Court.

### V.   Miscellaneous Terms

17.     In the event that any portion of the Released Funds are determined by the Court to have been used for a purpose other than an Authorized Purpose, Julian Omidi and MW (or its successor) shall be liable for the amount improperly used, and that amount shall be repaid to the government as a substitute *res*.

18.     Nothing in this Order shall impose on any Party any duty, obligation, or requirement, the performance of which would be inconsistent with federal regulations, statutes in effect at the time of such performance, or any Order of this Court.  Nothing in this Order shall limit or expand any Party's obligations concerning disclosures in CR 17-661(A) DMG or the instant action.

19.     This Stipulated Order shall be binding on, and shall inure to the benefit of, the Parties hereto and their respective assigns, successors, predecessors and representatives.

**IT IS SO ORDERED.**

DATED:  October 8, 2020

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Cc: Fiscal Services

8