UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-3855 DMG (Ex)** | Date | December 17, 2020 |
| Title | *United States of America v. Approximately $107,539,422.29 in Funds and Securities* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS — ORDER RE JULIAN OMIDI'S *EX PARTE* APPLICATION TO INTERVENE [62]**

On December 14, 2020, Julian Omidi, a defaulted potential claimant in this action [Doc. # 39],[1] filed an *ex parte* application to intervene in this case for the "limited purpose" of seeking permission to amend the Court's October 8, 2020 Order [Doc. # 50]. [Doc. # 62.][2] On December 15, 2020, the Government filed its opposition. [Doc. # 63.] For the reasons set forth below, Omidi's *ex parte* application is **DENIED.**

To justify *ex parte* relief, an applicant must make two separate showings: "[f]irst, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see also In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) (*ex parte* applications "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason."). Omidi's application has not met the threshold showing justifying *ex parte* relief and fails on this basis alone.[3] The Court reminds counsel that *ex parte* applications should rarely be used and only after a robust showing that prejudice would result without immediate relief. The Court has nearly 500 civil and criminal cases

---

[1] Some parties were relieved of default in the Court's October 8, 2020 Order, but Omidi was not one of them. [*See* Doc. # 50 at 2-3, n.2, n.3, n.4.]

[2] The Government states, and Omidi does not appear to dispute, that the instant application relates only to Omidi's request to intervene and not the *ex parte* application to amend the October 8, 2020 Order, which is attached as an exhibit to his application to intervene. [*See* Doc. # 63 at 3 n.3; *see also* Doc. # 62-1, Exh. A.]

[3] Omidi's own application cites extensively to Federal Rule of Civil Procedure 24(a)(2), which governs requests to intervene made "(o)n timely motion." [Doc. # 62 at 2.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-3855 DMG (Ex)** | Date | December 17, 2020 |
|---|---|---|---|
| Title | *United States of America v. Approximately $107,539,422.29 in Funds and Securities* | Page | 2 of 2 |

on its docket and the filing of an *ex parte* application is the functional equivalent of "taking cuts" in front of all of the other litigants who seek the Court's intervention and rulings.

    For the foregoing reasons, Julian Omidi's *ex parte* application to intervene is **DENIED without prejudice** to refiling as a duly noticed motion under Local Rule 6-1.  The parties shall meet and confer pursuant to Local Rule 7-3 prior to the filing of any motion.  Given that Omidi and his counsel signed the September 24, 2020 stipulation and had been in negotiations with Government counsel to potentially modify that stipulation, the parties shall also consider how Omidi could possibly *not* be an interested party for purposes of intervention and whether there is a way to steer away from unnecessary procedural skirmishes.

**IT IS SO ORDERED.**